UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| CHAMBERS OF | 101 WEST LOMBARD STREET |
| --- | --- |
| J. FREDERICK MOTZ | BALTIMORE, MARYLAND 21201 |
| UNITED STATES DISTRICT JUDGE | (410) 962-0782 |
| | (410) 962-2698 FAX |

April 3, 2007

MEMO TO COUNSEL RE:  Robert Reiss v. Lafayette Harvey, et al.
Civil No. JFM-06-2416

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's motion for attorneys' fees and costs. Plaintiff was awarded attorneys' fees in the amount of $10,475 and costs in the amount of $611.97.

Plaintiff's request for a total award of $30,000 is clearly excessive. Much of the work for which plaintiff seeks reimbursement was obviously redundant in nature. For example, the records submitted by plaintiff reflect that Mr. Shepard spent 55.3 hours and Mr. Podberesky spent 40.4 hours in legal research in drafting the complaint. The legal issues presented by the case did not require an expenditure of so much time. The underlying facts, as stated in plaintiff's reply memorandum, demonstrate that this was a straightforward case presenting no complex issues.

To the extent that plaintiff is relying upon the novelty of his theory that the County's policy of permitting off-duty police officers to wear their uniforms and work in competition with private security guards contributed to Officer Harvey's lack of judgment, the simple answer is that the theory is frivolous. Thus, in my judgment the time spent in developing and pleading this theory is not compensable. Likewise, to the extent that plaintiff's attorneys spent time researching whether the notice provisions of the Local Government Tort Claims Act applies to federal claims, the research was entirely unnecessary. Plaintiff also asserted state law claims as to which notice clearly was required under the LGTCA in any event, and for that reason alone plaintiff was required to (as he did) provide such notice.

My fee award in the amount of $10,475 is based upon 25 hours of work by Mr. Shepard (at the rate of $275 per hour), 30 hours by Mr. Podberesky (at the rate of $90 per hour), and 10 hours by Ms. Peters (at the rate of $90 per hour). This award is fully supported by the 12 factors set forth in *Johnson v. Georgia Hwy. Exp.*, 488 F.2d 714 (5th Cir. 1974), that had been adopted by the Fourth Circuit. *See Trimper v. City of Norfolk*, 58 F.3d 68, 73 (4th Cir. 1995).

(1) <u>Time and Labor</u>. Plaintiff's attorneys did not have to spend any time and labor in learning the underlying facts since Mr. Shepard had represented plaintiff in his criminal trial.

All that was necessary was the drafting of a straightforward complaint, effecting service upon the defendants, reviewing the scheduling order issued by this court, and deciding whether to accept defendants' offer of judgment. All of this could easily be accomplished by Mr. Shepard spending three 8-hour days on the case with ancillary support by his law clerk and paralegal.

(2) <u>Novelty and Difficulty of the Questions</u>. As indicated above, this case presented no novel or difficult questions whatsoever.

(3) <u>The Required Skill</u>. Any trial lawyer of reasonable competence could have prepared the complaint and decided whether to accept defendants' offer of judgment.

(4) <u>Preclusion of Other Employment</u>. Plaintiff's attorneys have not suggested they were precluded from accepting other employment as a result of their representation of plaintiff.

(5) <u>The Customary Fee</u>. Plaintiff has not presented any evidence that an award of fees and costs in the amount of $30,000 would be customary in a case such as this. To the contrary, the documentation supported by plaintiffs reflects that the fees and disbursements in the underlying criminal case ($10,409.79) required substantially more work than did this civil action.[1]

(6) <u>Whether the Fee is Fixed or Contingent</u>. The record does not reflect the nature of the fee arrangements between plaintiff and his attorneys. Thus, the award I am making is based upon my objective review of the amount of work plaintiff's attorneys were required to perform to meet their professional obligations in a reasonably efficient manner.

(7) <u>Limitations Imposed by the Client or the Circumstances</u>. There were no such limitations in this case.

(8) <u>The Amount Involved and the Results Obtained</u>. The $50,100 obtained by plaintiff pursuant to the offer of the judgment does seem to have been favorable. However, it appears that this was due to the sound judgment of defense counsel in deciding to have their clients immediately and fairly compensate plaintiff for a wrong that apparently had been done to him and to prevent the hemorrhaging of attorneys' fees.

(9) <u>The Experience, Reputation, and Ability of Plaintiff's Attorneys</u>. Defendants do not dispute Mr. Shepard's experience or ability. However, these factors are fully taken into account by using the $275 per hour rate.

(10) <u>There was Nothing "Undesirable" About Representing Plaintiff in this Action</u>.

(11) <u>The Nature and Length of the Professional Relationship with the Client</u>. The record

---

[1] Defendant suggests that Mr. Shepard should be compensated at the rate of only $200 per hour because that was the rate he charged in the criminal case. However, different market factors drive the fees charged in criminal and civil cases, and I am satisfied that Mr. Shepard is entitled to the $275 rate that I am using in determining his fee. That said, a lawyer who is compensated at the rate of $275 per hour should not be spending time on basic research on simple issues, as Mr. Shepard apparently did in this case.

is silent on this issue, and it is not material to the award I am making.

      (12) <u>Awards in Similar Cases</u>.  Again, the record is silent on this issue.  What differentiates this case from many similar cases is that defense counsel immediately perceived the risks of the litigation and brought it to a timely end.  They did so before discovery had even commenced (with the exception of the propounding of interrogatories by one of the private defendants).

      Finally, I note that under the terms of the offer of judgment, plaintiff is not entitled to any fees or costs incurred after the date the offer was made.  The language of the offer could not have been more clear in stating that it was "in the amount of Fifty Thousand and One Dollars ($50,001.00), plus reasonable attorney's fees and costs to date."  (In any event, if the offer of judgment could be deemed to be ambiguous in any respect, the amount of fees I would award would not be different because I believe that I have been generous in the amount of time I have allocated for Mr. Shepard).  Of course, if the plaintiff had made a reasonable request for fees and defendants' had resisted it, I might - as a matter of public policy - have awarded plaintiff additional fees for litigation of the fee dispute itself.  However, for the reasons I have stated, I find that plaintiff's fee request is quite excessive, and he certainly should not be compensated for the time his attorneys have spent in litigating the fee issue.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                      Very truly yours,

                        /s/

                      J. Frederick Motz
                      United States District Judge